IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

MELVIS LYNN WASHINGTON,            )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )        CIVIL ACTION NO.: CV513-092
                                   )
                                   )
CAROLYN W. COLVIN, Acting          )
Commissioner of Social Security,   )
                                   )
        Defendant.                 )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge Donald Fishman ("the ALJ" or "ALJ Fishman") denying her claim for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and award her benefits. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff protectively filed an application for Period of Disability, Disability Insurance Benefits, and Supplemental Security Income on April 14, 2010, alleging that she became disabled on February 15, 2010, due to arthritis in her joints and an ovarian tumor. (Doc. No. 17, p. 1). After her claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On October 18, 2011, ALJ Fishman conducted a hearing at which Plaintiff, who was represented by counsel, appeared and testified. Mark Leaptrot, a vocational expert, also testified. ALJ Fishman

found that Plaintiff was not disabled within the meaning of the Act. (Doc. No. 14, p. 18). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Id. at p. 3).

Plaintiff, born on January 30, 1965, was forty-six (46) years old when ALJ Fishman issued his final decision. Plaintiff has a ninth grade education. (Id. at p. 22). Plaintiff's past relevant work experience includes employment as a fast food shift manager, fast food cook, and dietary aide. (Id. at p. 24).

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520 and 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is

2

presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform her past relevant work, the final step of the evaluation process determines whether she is able to make adjustments to other work in the national economy, considering her age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff had not engaged in substantial gainful activity during the period from her alleged onset date of February 15, 2010, through the date of ALJ Fishman's decision on November 18, 2011. (Doc. No. 14, p. 19). At Step Two, the ALJ determined that Plaintiff had osteoarthritis of the feet; probable rheumatoid arthritis; obesity; and borderline intellectual functioning/learning disorder, conditions considered "severe" under the Regulations. However, the ALJ determined that Plaintiff's medically determinable and mental impairments did not meet or medically equal a listed impairment. (Id. at p. 20). The ALJ found that Plaintiff had the residual functional capacity, through the date of his decision, to perform light work, as follows: lift/carry 20 pounds occasionally and 10 pounds frequently; sit, walk, and/or stand 6 hours total in an 8-hour workday; occasionally climb ladders, ropes, or scaffolds; frequently climb stairs; frequently do handling and fingering; occasionally do firm grasping; and performing repetitive short cycle and detailed work with Specific Vocational Preparation ("SVP") 1-4. (Id. at p. 22). At the next step, ALJ Fishman noted Plaintiff was unable to

AO 72A
(Rev. 8/82)

perform her past relevant work as a fast food shift manager, fast food cook, or dietary aide. (Id. at p. 24). The ALJ determined at the final step that Plaintiff had the residual functional capacity to be an information clerk, routing clerk, and electrical equipment manager. (Id. at p. 25).

## ISSUE PRESENTED

Plaintiff contends that the ALJ erred by: failing to reconcile opinions from the State agency with his residual functioning capacity determination; failing to analyze her credibility in a proper manner; and not including all limitations in the hypothetical to the vocational expert.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard

4

requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

### I.    Residual Functioning Capacity

Plaintiff contends that the ALJ's determination of her residual functioning capacity is not based on substantial evidence because the ALJ "failed to reconcile the State Agency consultants' opinion with the [residual functioning capacity] determination." (Doc. No. 17, p. 6). Plaintiff asserts that ALJ Fishman failed to incorporate all of Dr. Anderson's limitations and Dr. Minnis' opinion or explain while he failed to incorporate these findings, despite giving great weight to portions of these doctors' findings.

A residual functioning capacity assessment must always consider and address medical source opinions. If the residual functioning capacity assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted. Social Security Ruling 96-8p. "An ALJ is not entitled to pick and choose through a medical opinion, taking only the parts that are favorable to a finding of nondisability." Kerwin v. Astrue, 244 F. App'x 880, 885 (10th Cir. 2007). The final determination of a plaintiff's residual functioning capacity is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d) & (e)(2).

ALJ Fishman stated that he adopted the opinions of the State Agency consultants, which are found at Exhibit 4F. The ALJ did not specifically state that he

AO 72A
(Rev. 8/82)

discounted the portion of Dr. Anderson's "Summary Conclusions" regarding moderate limitations in Plaintiff's ability to respond appropriately to changes in the work setting and setting realistic goals. (Doc. No. 15, p. 101). However, this section of the mental residual functional capacity assessment form was not part of Dr. Anderson's assessment of Plaintiff's mental limitations.[1]  Instead, Dr. Anderson elaborated in the "Functional Capacity Assessment" section of this form that Plaintiff would have "some difficulty adapting to change and needs help setting realistic goals, but these are not substantial limitations." (Doc. No. 15, p. 293). This opinion is consistent with ALJ Fishman's residual functioning capacity determination that Plaintiff could perform light, unskilled jobs.

The undersigned also notes Plaintiff's assertion that ALJ Fishman failed to consider Dr. Minnis' foot control limitations, limitations on balancing, stooping, kneeling, crouching, or crawling, and avoidance of concentrated exposure to extreme cold or hazards in making the residual functioning capacity determination. The three (3) jobs the vocational expert opined that Plaintiff could perform do not involve foot control pushing or pulling, balancing, stooping, kneeling, crouching, crawling, or exposure to extreme cold or other environmental hazards. See, e.g., Dictionary of Occupational Titles 222.687-022, 1991 WL 672133 (1991).

Even if ALJ Fishman did not specifically include these limitations in his opinion, his residual functioning capacity is supported by substantial evidence. In making this determination, the ALJ looked at the evidence of record detailing Plaintiff's physical and mental impairments, including Dr. Anderson's and Dr. Minnis' opinions. ALJ Fishman

---

[1] http://policy.ssa.gov/poms.nsf/lnx/0424510060, last checked May 2, 2014, ("Section I [of Form SSA37344-F4-SUP] is merely a worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment.").

adopted the opinions of these doctors, and his residual functioning capacity determination is not undermined based on the limitations to which Plaintiff points as being omitted from this determination. As noted above, the jobs which the vocational expert determined Plaintiff can perform do not require activities involving the limitations Plaintiff noted in her brief. Plaintiff is not entitled to her requested relief.

## II. Plaintiff's Credibility

Plaintiff asserts that ALJ Fishman misstated her testimony and the actions she took in an attempt to receive medical attention. Plaintiff also asserts that the ALJ did not consider her "strong work history when assessing her credibility." (Doc. No. 17, p. 9). Plaintiff contends that the ALJ did not analyze her credibility properly.

In order to establish disability based on testimony of pain and other symptoms, a social security disability benefits claimant must show: (1) evidence of underlying medical condition; and (2) either (a) objective medical evidence confirming severity of alleged pain, or (b) that objectively determined medical condition could reasonably be expected to give rise to claimed pain. Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002). If a plaintiff "testifies as to [her] subjective complaints of disabling pain and other symptoms, . . . the ALJ must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Foote v. Chater, 67 F.3d 1553, 1561-62 (11th Cir. 1995)). "Although this circuit does not require an explicit finding as to credibility, the implication must be obvious to the reviewing court." Id. (internal citation omitted). An ALJ's credibility determination need not "cite 'particular phrases or formulations'[,] but it cannot merely be a broad rejection which is 'not enough to enable

[a reviewing court] to conclude that [the ALJ] considered [a plaintiff's] medical condition as a whole.'" Id. at 1210–11 (quoting Foote, 67 F.3d at 1561).

ALJ Fishman noted that the evidence of record supported a finding that Plaintiff's medically determinable impairments could reasonably be expected to cause some of her alleged symptoms, but her statements regarding the intensity, persistence, and limiting effects of those symptoms were not fully credible. ALJ Fishman noted Plaintiff's assertion that she became disabled due to rheumatoid arthritis in her hands, but the record showed that Plaintiff had little to no medical treatment for that condition, despite her claim that she had arthritis since the 1990s. The ALJ noted Plaintiff's testimony that she could not afford to seek medical care, but there was no evidence that she investigated "sources of low cost or indigent health care available in the community." (Doc. No. 14, p. 23). The ALJ also noted that, while Plaintiff was found to have a positive rheumatoid factor and some osteoarthritis in her feet, the objective medical evidence did not support a finding of disabling functional limitations. ALJ Fishman discussed Plaintiff's medical evidence relating to her allegations regarding rheumatoid arthritis and noted that the consultative examiner did not indicate that any problems Plaintiff had with her right hand and right foot caused any significant physical limitations. The ALJ also noted that the examiner "opined that [Plaintiff] should be able to perform her activities of daily living." (Id.).

ALJ Fishman observed that Plaintiff's borderline intellectual functioning and learning disorder might limit Plaintiff but not to the extent she would be precluded from performing work-related activities. The ALJ noted that, upon examination, Plaintiff was alert, oriented, and not psychotic; she could establish rapport easily and had no obvious

abnormalities of speech or behavior; Plaintiff could express herself well and responded to questions; and her "affect was constricted and mood was mildly depressed." (Id.). The consultative examiner concluded that Plaintiff would be able to understand and carry out simple instructions, sustain focused attention to complete tasks in a timely manner, get along with others in the workplace, would not decompress under stress, and could manage her own finances.

ALJ Fishman noted that Plaintiff's obesity did not appear to significantly impact her daily functioning, as she described being able to perform activities involving the use of both of her hands and arms. ALJ Fishman specifically noted that Plaintiff stated she could do laundry, clean the house, cook, shop, walk, attend church, and tend to her own personal care needs. ALJ Fishman also noted that Plaintiff used to drive but her license was suspended because of driving under the influence charges. (Id. at pp. 23–24).

Finally, the ALJ noted that, although Plaintiff testified that she is unable to work, she admitted she goes job hunting but is unable to find work where she lives. The ALJ noted that Plaintiff testified that she was in special education classes while she attended school, but the record did not confirm that testimony. (Id. at p. 24).

It is evident that ALJ Fishman did not find Plaintiff's allegations regarding her pain and other disabling conditions to be credible because he determined those allegations were not supported by the record. Though ALJ Fishman did not use a particular word or phrase regarding Plaintiff's credibility, it is clear that he did not find Plaintiff to be entirely credible based on the record before him. As this is all that is required of him, the ALJ did not err in finding Plaintiff less than credible. Plaintiff is not entitled to her requested relief.

AO 72A
(Rev. 8/82)

## III. Hypothetical to Vocational Expert

Plaintiff avers that the ALJ failed to include all of her limitations in his hypothetical to the vocational expert because the ALJ did not properly assess her credibility or residual functioning capacity. Plaintiff asserts that the vocational expert's testimony that she could perform three (3) jobs in the national economy is not supported by substantial evidence.

Under the Act, a plaintiff bears the burden of proving that she cannot perform her past relevant work. Barnes v. Sullivan, 932 F.2d 1356, 1359 (11th Cir. 1991). If a plaintiff cannot perform her past relevant work, the burden shifts to the ALJ to prove that other work exists in the national economy which the plaintiff can perform. Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). Through the use of vocational expert testimony, the ALJ must articulate specific jobs which the plaintiff is able to perform. Cowart v. Schweiker, 662 F.2d 731, 736 (11th Cir. 1981). The hypothetical questions which the ALJ poses to the vocational expert must comprehensively describe the claimant's impairments. Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999). However, the hypothetical need only include the impairments which the ALJ accepts as true. McKay v. Apfel, No. 97-C-1548-N, 1999 WL 1335578, *7 (M.D. Ala. Dec. 9, 1999) (citing Haynes v. Shalala, 26 F.3d 812, 815 (8th Cir. 1994)).

The ALJ observed that the vocational expert testified that an individual with Plaintiff's residual functioning capacity could not meet the demands of her past relevant work, and the ALJ agreed with the vocational expert in this regard. The ALJ noted that Plaintiff could make a successful adjustment to other work, considering her residual functioning capacity, age, education, and work experience. ALJ Fishman observed that

AO 72A
(Rev. 8/82)

Plaintiff could not perform all or substantially all of the requirements for a full range of unskilled, light work because Plaintiff had "additional limitations." (Doc. No. 14, p. 25). In accordance with the applicable standards, the ALJ asked the vocational expert whether jobs exist in the national economy for a person of Plaintiff's age, education, work experience, and residual functioning capacity. ALJ Fishman noted the vocational expert testified that, given these considerations, a person would be able to perform at least three (3) jobs at the unskilled, light exertional level which exist in the national economy: information clerk; routing clerk; and electrical equipment inspector. The ALJ found that the vocational expert's testimony was consistent with information contained in the Dictionary of Occupational Titles. The ALJ discounted limitations raised during the cross-examination of the vocational expert, as ALJ Fishman found those limitations to be "inconsistent with the clear indications of the relevant evidence." (Id. at p. 26).

ALJ Fishman's hypothetical to the vocational expert contained all of the limitations the ALJ determined to be supported by the evidence of record. In accordance with this, the questions posed to the vocational expert gave a comprehensive look at Plaintiff, her work experience, residual functioning capacity and limitations, and her ability to adjust to other work. ALJ Fishman's determination is supported by substantial evidence.

## <u>CONCLUSION</u>

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

**SO REPORTED** and **RECOMMENDED**, this _5th_ day of May, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)